Charlee HANNA, Plaintiff,

v.

GOODYEAR TIRE AND RUBBER, Defendant.

No. 1:97–CV–0519.

United States District Court,
E.D. Texas,
Beaumont Division.

July 31, 1998.

John G. Werner, Reaud Morgan & Quinn, Beaumont TX, for Plaintiff.

Teresa S. Valderrama, Baker & Botts, Houston TX, George Michael Jamail, Bernsen Jamail & Goodson, Beaumont TX, for Defendant.

### MEMORANDUM OPINION

COBB, District Judge.

On September 12, 1997, Plaintiff Charelee Hanna (Hanna) filed a complaint against defendant Goodyear Tire and Rubber (Goodyear) alleging that she was discriminated against her because of her sex in violation of Title VII of the 1964 Civil Rights Act, the Texas Commission on Human Rights Act, Tex.Labor Code §§ 21.001 et seq. Plaintiff claims that Goodyear established and maintained a work environment which was hostile to women and as a result she suffered damages. Plaintiff's further claimed that Goodyear intentionally inflicted emotional distress upon her when it "ratified" the allegedly harassing behavior of Hanna's co-worker, Eric Wright.

Hanna was employed by Goodyear under the terms of a summer employment program from May 25, 1995 to August 20, 1995. This court denied the defendant's motion for summary judgment and the case proceeded to trial on July 21, 1998. A the close of the plaintiff's case on July 22, 1998, the defendant moved for a judgment as a matter of law in accordance with the provisions of FED. R.CIV.P. 50(a). For reasons stated below, the court granted the defendant's motion and will enter a formal judgment for the defendant on all claims.

Rule 50(a) of the Federal Rules of Civil Procedure states in pertinent part:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue, the court may determine the issue against the party and may grant a motion for judgment as a matter of law....

FED.R.CIV.P. 50(a).

█ When deciding whether to grant a judgement as a matter of law in a jury trial, this court applies that same standard as that for summary judgment. This court will grant the moving party's Rule 50 motion only if the evidence presented and the inferences drawn therefrom, when viewed in the light most favorable to the non-moving party do not establish a legally sufficient basis for a rational trier of fact to find for the non-moving party.

**a. PLAINTIFF'S Title VII of the 1964 Civil Rights Act, the Texas Commission on Human Rights Act, Tex.Labor Code §§ 21.001 et seq.**

█ To succeed on a Title VII claim which is based on a sexually hostile environment, the plaintiff must present evidence of conduct directed against her because of her gender. Further, the conduct must be severe enough or sufficiently pervasive to affect a term or condition of employment. See Meritor Sav. Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

█ At trial, the plaintiff failed to present evidence that the behavior of the alleged harasser, Eric Wright was sufficiently pervasive to create a hostile work environment. No evidence was presented that Wright behaved differently toward the plaintiff because of her sex nor was evidence presented that the alleged behavior in any way affected the plaintiff's terms or conditions of employment. In fact, testimony presented at the trial indicated that Mr. Wright's allegedly harassing behavior was directed equally to men and women in the workplace.

Even assuming that Wright's behavior was sufficient to create a sexually hostile environment, the plaintiff presented no evidence that the defendant failed to act promptly to remedy the situation. Evidence presented at trial established that defendant's supervisor who was in charge of the plaintiff and plaintiff's co-worker Wright acted quickly, decisively, and compassionately, and took reasonable

steps to defuse the apparent personality conflict between the plaintiff and her co-worker.

Considering the evidence presented at trial and the reasonable inferences drawn therefrom viewed in the light most favorable to the plaintiff, this court finds that there is no legally sufficient basis for a rational trier of fact to find for the plaintiff on this claim and the defendant is entitled to judgment as a matter of law on this claim.

### b. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ For the plaintiff to succeed on a claim of Intentional Infliction of Emotional Distress at trial she must show that the behavior of Eric Wright caused her severe emotional distress and she must further show that the defendant in some way ratified that behavior. At trial, the plaintiff testified she suffered from three or four nightmares over the three year period since she ended her employment with the defendant. Other testimony she produced at trial indicated that she was well adjusted and led a full productive personal and work life. The plaintiff produced no evidence whatsoever that she required any sort of medical or psychological treatment or counseling nor did she produce any evidence that her distress amounted to anything more than the three nightmares. This court finds that this is not legally sufficient evidence of severe distress.

■ Even assuming *arguendo* that the behavior of the plaintiff's co-worker was sufficient to cause the plaintiff to suffer severe emotional distress, the behavior of a the co-worker which was clearly outside the scope of his employment cannot be imputed to the defendant absent ratification. The plaintiff presented no testimonial or documentary evidence at trial showing the defendant in any way ratified the co-worker's behavior. Considering the evidence presented at trial and the reasonable inferences drawn therefrom viewed in the light most favorable to the plaintiff, this court finds that there is no legally sufficient basis for a rational trier of fact to find that the defendant intentionally inflicted emotional distress upon the plaintiff. Accordingly, the defendant is entitled to judgment as a matter or law on this claim.

### SUMMARY

At the close of the plaintiff's case, the defendant moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The Court, having considered the evidence presented by the plaintiff, found that the plaintiff failed to present a legally sufficient evidentiary basis for a reasonable jury to find for her on her claims against the defendant. Accordingly, for reasons stated above the court granted the defendant's motion. A judgment will be entered.